

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-18-00262-CR

MIKAEL DEANDRE BUSBY,

                                        **Appellant**

 v.

THE STATE OF TEXAS,

                                        **Appellee**

**From the 77th District Court**
**Limestone County, Texas**
**Trial Court No. 14163-A**

## CONCURRING OPINION

The issue in this appeal is whether the State must present sufficient evidence to again prove an offense when the conviction for that offense is being used to enhance a subsequently charged offense. The Court's opinion suggests that the State must shoulder that burden. I would address the issue head-on and answer it with a resounding, NO! If we allow, or even suggest, what Busby argues is required of the State, that is, to present sufficient evidence to support a prior conviction, the cycle of having to prove prior offenses will never end. Until the prior conviction is set aside by a proper means, it is

final for purposes of use as an enhancement, and it is certainly not necessary for a jury, or the trial court, to have to reconsider the evidence to support the prior conviction.

In this proceeding, Busby was charged with a felony. The charge was a felony because the State alleged that he had been previously convicted of an offense involving family violence. At trial, the State introduced a certified copy of the judgment of conviction for family violence and some of the underlying documents leading to that judgment. There was no objection to the introduction of that judgment. On appeal, Busby argues that because the victim's testimony in this current proceeding about the facts underlying the prior conviction would support a claim of actual innocence to the prior offense, the State failed to sufficiently prove the prior conviction which is an element of the offense in this current trial.

While Busby gets credit for a novel legal argument, it is a legal argument that must be clearly and unambiguously rejected. To even imply that it is a possibility, as the Court has done, sets a dangerous precedent. It will require the State to not only prove the case for which the defendant is on trial, but also provide sufficient evidence, not just that the defendant was previously convicted of the offense, but that the offense underlying the prior conviction is supported by sufficient evidence.

There is an entire body of jurisprudence to collaterally attack criminal convictions. It is generally referred to as an Application for a Writ of Habeas Corpus and can be brought under Texas Code of Criminal Procedure articles 11.07, 11.071, and 11.072, or as a constitutional writ, depending on the circumstances.

I will not delay the issuance of this opinion by taking the time to articulate all the reasons that we do not want to hold, but more importantly, we do not need to hold, and, moreover, we should not even suggest, that a collateral attack on the sufficiency of the evidence to support an otherwise final judgment can be brought in this manner. Once the State introduced the certified documents into evidence, including the final judgment for Busby's prior conviction, and provided evidence to show Busby was the same defendant named in the prior judgment, the State had for all practical purposes conclusively proven the prior-conviction-for-family-violence element of his current charge.

Because the defendant is not permitted to collaterally attack the sufficiency of the evidence necessary to support that prior conviction in a subsequent proceeding wherein that conviction is used to enhance the level of the offense or punishment, I would overrule the appellant's sole issue and affirm the trial court's judgment. Because the Court reaches the same result by way of a different analysis, I concur in the Court's judgment but, respectfully, cannot join its opinion.


TOM GRAY
Chief Justice

Concurring opinion delivered and filed March 3, 2021
Publish

